Filed 7/30/15  P. v. Salcedo CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GARY ANDREW SALCEDO,<br><br>    Defendant and Appellant. | 2d Crim. No. B259032<br>(Super. Ct. No. KA103409)<br>(Los Angeles County) |

Gary Andrew Salcedo appeals a judgment after conviction by jury of assault with a deadly weapon causing great bodily injury.  (Pen. Code, §§ 245, subd. (a)(1), 12022.7, subd. (a).)[1]  Salcedo admitted he was previously convicted of a serious or violent felony and served four prior prison terms.  (§§ 667, subd. (a), 1170.12, subd. (b).)  The trial court sentenced him to 14 years in state prison.  The jury acquitted Salcedo of a separate count of making criminal threats using a deadly weapon.  (§§ 422, subd. (a), 12022, subd. (b)(1).)

We appointed counsel to represent Salcedo in this appeal.  After examination of the record, counsel filed an opening brief raising no issues.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)  On February 19, 2015, we advised Salcedo that he had 30 days within which to personally submit any contentions or issues that he wished to raise on appeal.  On April 21, 2015, we received a response from him.  Salcedo

---

[1] All statutory references are to the Penal Code.

contends the trial court erroneously denied his motion to suppress evidence discovered during an unlawful search; he received ineffective assistance of counsel because his attorney did not competently cross-examine witnesses or offer a video recording of an interaction that preceded search; and the trial court erred when it did not continue trial so he could undergo DNA testing that he had previously refused. Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, 123-124, we present a factual and procedural summary of the case and a brief discussion of Salcedo's contentions.

FACTUAL AND PROCEDURAL BACKGROUND

Salcedo and Yvonne Regelado followed Jesus Calles into a liquor store. Salcedo stabbed Calles, lacerating his liver. The store owner and an employee witnessed the stabbing and it was captured on videotape. Calles told a detective that he did not know the man who stabbed him, but the woman was "Yvonne."

At a nearby motel, officers asked Yvonne Regelado for permission to look for the suspect in her room. Yvonne said, "Go ahead. But no one is in there." They did not find Salcedo, but they saw on the bed his open wallet and a hooded sweatshirt he may have worn during the stabbing. The officers then asked Yvonne for permission to search the room and she refused. They obtained a warrant, conducted a thorough search, and found a bloody folding-type knife under the sweatshirt. Their conversations with Yvonne were recorded.

The store owner and the employee identified Salcedo in photographic lineups and at trial. Calles did not identify Salcedo and was unavailable to testify at trial. A recording of his 911 call for help was admitted as a dying declaration and spontaneous utterance over defense objection. Yvonne was also unavailable to testify.

Prior to trial, Salcedo moved to suppress evidence discovered during the search of the motel room. The trial court denied the motion, finding that Yvonne consented to the initial sweep, the subsequent search was pursuant to a valid warrant, and Salcedo had not established standing.

Salcedo refused to submit to DNA testing three times in June 2014, notwithstanding a court order. Subsequently, an expert tested the knife and concluded

2

that it contained DNA from at least three individuals, making the profile difficult to ascertain. Calles was possibly a contributor, but this also would be true of one out of every eight people selected at random. Salcedo learned of these results nine days before trial. A few days before trial, he told his attorney he wanted to submit to a DNA test. On the first day of trial, counsel asked the trial court to continue trial so Salcedo could submit to DNA testing. The court denied the request.

## DISCUSSION

The trial court did not err when it denied Salcedo's motion to suppress. Substantial evidence supports its findings that Yvonne consented to the initial sweep of her room and the subsequent search was pursuant to a valid warrant. (*People v. Jenkins* (2000) 22 Cal.4th 900, 971-972 [a warrantless search may be reasonable when a person other than defendant with authority over the premises voluntarily consents to the search].)

Salcedo forfeited any right to DNA testing when he thrice refused to submit to it, defying a court order. The trial court acted within its discretion when it denied his untimely request.

Salcedo's claim that his counsel rendered ineffective assistance is not supported by a showing that counsel's representation fell below an objective standard of reasonableness, or a reasonable probability that he would have obtained a more favorable result but for counsel's deficient performance. (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 694.) Counsel's decision not to cross-examine a detective about Calles' failure to identify Salcedo in a photographic lineup was reasonable since the prosecution did not use Calles's statements to prove identity. Counsel's decision not to object to the detective's brief testimony about Calles's out-of-court statement was also reasonable; Calles said he "did not know" who stabbed him. We defer to counsel's reasonable tactical decisions. (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) The record does not support Salcedo's contention that a video recording of events at the motel room would have established that Yvonne was coerced and that Salcedo lived in the room. Even if counsel had established that Salcedo lived in the room, the result would not be different

3

because Yvonne had authority over the premises.  (*People v. Jenkins, supra,* 22 Cal.4th 900, 971-972.)

We have reviewed the entire record and are satisfied that Salcedo's attorney has fully complied with his responsibilities and that no arguable issue exists.  (*People v. Wende, supra*, 25 Cal.3d 436, 441.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

4

Thomas C. Falls, Judge

Superior Court County of Los Angeles

_____

Tyrone A. Sandoval, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.